

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-23-2008

# Motise v. Parrish

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Motise v. Parrish" (2008). *2008 Decisions*. Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1881
_____

MICHAEL V. MOTISE,

Appellant

v.

SAMUEL K. PARRISH, Individually, and in his official capacity as an Associate Dean
of Drexel Medical College; BARBERA SCHINDLER, M.D. Individually, and in her
Official Capacity as Vice Dean for Academic Affairs for Drexel Medical College; JOHN
DOE, Individually; JANE DOE, Individually and in their capacities as professors of
Medicine at the Drexel Medical College; RICHARD HOMAN, M.D. and the Drexel
Medical College

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-00569)
District Judge:  Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2008

Before: MCKEE, SMITH AND CHAGARES, Circuit Judges

(Opinion filed:  October 23, 2008)

_____

OPINION

_____

PER CURIAM

Michael V. Motise appeals from the District Court's grant of Appellees' motion to dismiss and summary judgment and the denial of his discovery motions. For the following reasons, we will affirm.

I.

In 2002, Motise, a medical student at the Drexel University College of Medicine ("DUCOM"), requested a leave of absence from the school because he believed his phone conversations were being monitored. During his leave of absence, Motise filed three lawsuits against various parties. After his fourth request, Appellee Dr. Samuel Parish sent him a letter stating that the Promotions Committee ("Committee") granted the request but required that Motise provide documentation of his "fitness for duty" in order to return to medical studies. In 2005, after Motise failed to provide the required documentation, the Committee voted to dismiss him from DUCOM. Motise appealed to the Committee which decided not to overturn its original decision.

In February 2007, Motise filed a law suit against DUCOM and individual defendants alleging: 1) violation of Pennsylvania's Whistleblower Law, 43 P.S. § 1423; 2) invasion of privacy and defamation; 3) negligent failure to warn; 4) breach of contract; and 5) tortious interference with contract. The claims stemmed from Motise's dismissal from DUCOM and his contention that unknown individuals were electronically eavesdropping on his private conversations and disseminating the contents of those

conversations on an internet listserve. The District Court dismissed all the claims except for three: 1) the Pennsylvania Whistleblower Act claim;[1] 2) breach of contract for failing to provide Motise the requisite procedures afforded to him by the DUCOM Code of Ethics; and 3) tortious interference with contract by Dr. Parrish for interfering with those procedural rights while acting outside the scope of his employment.

During discovery, Motise moved to compel DUCOM to provide him with access to all of its student computer lab computers from 2002 to 2005. On January 28, 2008, the District Court denied the request, finding that none of Motise's arguments related to information contained on the computers. In the same order, the District Court directed Appellees to produce Dr. Brenda Butler—the physician who conducted Motise's fitness examination—for deposition. On February 4, Motise filed a motion to compel discovery of Appellee Parrish's office computer and to amend his complaint. The District Court denied both requests. Appellees filed a motion to reconsider the District Court's January 28 order, stating that Butler was no longer an employee of DUCOM and did not live in Pennsylvania. The District Court granted the motion and vacated its January 28 order as to the deposition of Dr. Butler.

After discovery was completed, Motise moved for summary judgment and Appellees filed a cross-motion for summary judgment. The District Court denied

---

[1] The District Court later granted Appellees' motion for partial summary judgment on the Pennsylvania Whistleblower Act claim. Motise does not contest that ruling on appeal.

Motise's motion, granted Appellees' motion and dismissed the case. Motise filed a timely notice of appeal challenging the District Court's grant of Appellees' motions to dismiss and summary judgment and its ruling on the discovery motions.

## II.

We have jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). In reviewing the District Court's judgment, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). We also exercise plenary review over the District Court's grant of Appellees' motion for summary judgment. See Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008). A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Our standard of review of questions concerning the scope or opportunity for discovery is for abuse of discretion." Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (citation omitted). A denial of a motion to amend the complaint is also reviewed for abuse of discretion. Foraker v. Chaffinch, 501 F.3d 231, 243 (3d Cir. 2007) (citation omitted).

We agree with the District Court that Motise's invasion of privacy and defamation

4

claims are barred by Pennsylvania's one-year statute of limitations on such actions. See 42 Pa. Cons. Stat. Ann. § 5523 (setting a one-year limitations period for invasion of privacy actions); see also Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa., 923 A.2d 389, 392 n.2 (Pa. 2007) (one-year statute of limitations applies to defamation actions). Motise asserted that Appellees Dr. Parrish and other professors at DUCOM published private statements about him on an internet listserve. According to Motise, the last posting occurred in 2005 and he did not file his claim until February 2007. Motise's contention that the limitations period should be equitably tolled because of the Committee's delay in scheduling a hearing is unavailing. It is unclear how delay by the Committee would prevent Motise from filing claims within the limitations period.

Similarly, Motise's failure to warn claim is also time-barred. See 42 Pa. Cons. Stat. Ann. § 5524 (2) (setting a two-year limitations period for injuries caused by the neglect or negligence of another). Motise argued that DUCOM, as business owners, owed and breached a duty to warn him, as an invitee, that someone was electronically intercepting his conversations. The facts alleged in the complaint demonstrate that Motise knew of the basis for his negligence claim by October 2002. Specifically, Motise averred that he learned of the electronic interception of his conversations in 2002 when his girlfriend Helen Rubic told him that Dr. Parrish was posting statements about him on the listserve. Therefore, there is no reason why Motise could not have brought this action within the two-year limitations period.

We also agree with the District Court's analysis of Motise's contract claims under DUCOM's Code of Ethics ("the Code"). Motise asserted that he and the DUCOM entered into a contract, i.e., the Code, and that Appellees breached the contract through their actions. The District Court held that Appellees could only be held liable for violating his procedural rights under the Code during his dismissal hearings.[2] All other allegations by Motise, such as his assertion that Dr. Parrish violated patient confidentiality, is not actionable since the Code does not contemplate violations by non-student members of DUCOM's academic community. The District Court was also correct in holding that DUCOM, as a party to the contract, may not tortiously interfere with the contract. See CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004) (stating requirements for tortious interference with contract under Pennsylvania law). We further agree that agents of DUCOM could be liable only for actions taken outside the scope of their authority. Id. at 385 (agent of a party to a contract cannot be held liable for tortious interference when acting within the scope of its authority).

---

[2] The District Court concluded in its order resolving the motion to dismiss that:

> If Motise can establish that Dr. Parrish posted on the listserve accusations that Motise violated the Code of Ethics, and others in the [DUCOM] community saw these posts, and this was the basis for his dismissal from [DUCOM], then he can establish that defendants violated his procedural rights under the Code of Ethics because he was entitled to the formal process of the Code of Ethics and did not receive it.

The District Court's grant of summary judgment was also proper. Motise presented no evidence to substantiate his claims that he was improperly dismissed from the medical school or that anyone at DUCOM was responsible for intercepting his electronic conversations and posting them on a listserve. During his deposition, Motise admitted that the only evidence he has of a posting by Dr. Parrish, or any other DUCOM employee, is a conversation with Rubic in which she nodded in agreement when Motise asked whether a professor had posted comments about him on a listserve. Motise also admitted that he does not know the actual content of the alleged posting nor has he ever seen the listserve. Rubic, in her deposition, denied seeing any derogatory e-mails or postings about Motise. Further, the only proof of electronic surveillance Motise presented was his own assertion that "many people seemed to know [his] private business" and his private password appeared in a public chat room. More evidence is needed to overcome a motion for summary judgment. See Olympic Junior, Inc. v. David Crsytal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972) (conclusory statements, general denials and factual allegations not based on personal knowledge are insufficient to avoid summary judgment).

Motise has also not offered evidence that DUCOM violated the Code of Ethics. Motise points only to an e-mail from Dr. Parrish to the Dean of DUCOM in which he stated that he would "like to set up a time to review the students with Dean Homan prior to his meeting" and that "one of the students is a bit of a peculiar individual and I think

7

the Dean would benefit from a bit of a head's up." It is clear from the record that DUCOM liberally granted Motise's requests, but included conditions that Motise failed to satisfy in the time allotted to him; when he failed to comply with the Committee's requirements for the second time after more than four years of absence, the Committee decided to dismiss him. Moreover, we agree with the District Court that none of the faculty members' actions during the dismissal process would trigger a student's right to a formal disciplinary hearing. Nor has Motise demonstrated that Dr. Parrish acted outside the scope of his employment. Therefore, summary judgment was also properly granted on this claim.

Finally, the District Court did not abuse its discretion in denying Motise's discovery requests or his motion to amend the complaint. Motise's motion to amend was untimely and did not expand on his original complaint.[3] During discovery, DUCOM produced all relevant e-mails by faculty members, including Dr. Parrish, relating to Motise. Motise did not explain how information contained on computers in DUCOM student computer labs or on Dr. Parrish's office computer either related to his claims or would not have been duplicative. Moreover, the District Court properly determined that Dr. Butler's sworn declaration regarding her conversations with DUCOM faculty about Motise and her report on Motise to the Committee would be adequate in lieu of a

---

[3] In any event, in ruling on Motise's summary judgment motion, the District Court considered the new evidence and claims Motise sought to introduce in his amended complaint.

8

deposition.  See Fed. R. Civ. P. 26(b)(2)(C)(i) (the court must limit the frequency or extent of discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive).

## III.

In conclusion, because Motise's claims are wholly without merit, we will affirm the District Court's judgment.  Appellees' Motion for Leave to Expand Record is granted.